UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIC THOMAS MESI,           )<br>                                               )<br>            Plaintiff,           )<br>    vs.                                    )<br>                                               )<br>PENNYMAC LOAN SERVICES LLC, *et al.*,   )<br>                                               )<br>            Defendants.       )<br>_____) | Case No.: 3:21-cv-00207-GMN-CLB<br><br>**ORDER** |

Pending before the Court is Plaintiff Eric Thomas Mesi's ("Plaintiff's") Petition for *En Banc* Reconsideration, (ECF No. 27).  Defendant PennyMac Loan Services LLC ("Defendant") filed a Response, (ECF No. 30).  Plaintiff did not file a Reply.

Also pending before the Court is Defendant's Motion to Strike Plaintiff's Petition for *En Banc* Reconsideration, (ECF No. 29).[1]  Plaintiff filed a Response, (ECF No. 32),[2] to which Defendant filed a Reply, (ECF No. 34).

Also pending before the Court is Defendant's Counter Motion for Sanctions, (ECF No. 31).  Plaintiff also filed a Motion for Sanctions, (ECF No. 35), to which Defendant filed a Response, (ECF No. 33).

For the reasons discussed below, the Court **DENIES** Plaintiff's Petition for En Banc Reconsideration, **GRANTS** Defendant's Motion to Strike, and **DENIES** the parties' Motions for Sanctions.

//

---

[1] Defendant PennyMac's Motion to Strike, (ECF No. 29), is the same document as PennyMac's Response to Plaintiff's Petition for En Banc Reconsideration, (ECF No. 30), and PennyMac's Counter Motion for Sanctions, (ECF No. 31).

[2] Plaintiff's Response to Defendant PennyMac's Motion to Strike, (ECF No. 32), is the same document as Plaintiff's Motion for Sanctions, (ECF No.35).

## I. BACKGROUND

This case arises from a foreclosure of real property located at 6865 Quantum Court, Sparks, Nevada 89436. (Compl. at 3, ECF No. 1). As Magistrate Judge Carla Baldwin wrote in her Report and Recommendation, ECF No. 19, "[t]he underlying dispute in this case has a protracted and messy history." (Report and Recommendation ("R&R") 3:4–5). Plaintiff alleges that he and his father, Fred Mesi, initially purchased the Property by financing through Wells Fargo. (Compl. 10:21–28). Defendant PennyMac later foreclosed on the Property, claiming it had clear title of the Property. (*Id.* 11:2–3). Plaintiff alleges that Defendant PennyMac "continues fraudulent foreclosures without running any title reports, then resell[s] properties to new homeowners." (*Id.* 4:7–8).

On March 16, 2021, Plaintiff filed the instant Complaint in the United States District Court for the District of Columbia. (*See also* Order Transferring Pro Se Case, ECF No. 3). The Complaint was later transferred to this District. (*See id.*); (*see also* Compl., ECF No. 1). Magistrate Judge Carla Baldwin recommended that the Complaint be dismissed with prejudice and that Plaintiff's application to proceed *in forma pauperis* be denied as moot. (*See generally* R&R). Given that Plaintiff did not file any objections and the deadline to respond passed, this Court accepted and adopted in full the Report and Recommendation and directed the Clerk to close the case. (*See* Order accepting and adopting in full, ECF No. 26). Plaintiff thereafter filed the instant motions. (Pet. En Banc Reconsideration, ECF No. 27); (Def.'s Mot. Strike, ECF No. 29); (Def.'s Mot. Sanctions, ECF No. 31); (Pl.'s Mot. Sanctions, ECF No. 35).

## II. LEGAL STANDARD

### A. Motion for Reconsideration

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59 and 60. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The

Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4). A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).

### B. Motion to Strike

The Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Sidney—Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The decision to grant or deny a motion to strike is vested in the trial judge's sound discretion. *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). However, federal courts disfavor motions under Rule 12(f) and generally view them as a drastic remedy. *See, e.g.,*

*Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012); *Mag Instrument, Inc. v. JS Products Inc.*, 595 F. Supp. 2d 1102, 1006 (C.D. Cal. 2008); *Sorenson v. Countrywide Home Loans, Inc.*, 2010 U.S. Dist. LEXIS 2047, 2010 WL 308794, at *2 (E.D. Cal. Jan. 12, 2010). "If the court is in doubt as to whether challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) (citing *Whittlestone, Inc. v. HandiCraft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

### C. Motion for Sanctions

District courts have inherent power to sanction a party for improper conduct. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). The court may only issue sanctions under its inherent power upon finding "bad faith or conduct tantamount to bad faith." *Id*. at 994. Bad faith, or conduct tantamount to bad faith, encompasses "a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id*. Upon a finding of bad faith, the decision to issue sanctions is within the court's discretion. *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995).

The court has the discretion to dismiss the case or claims asserted by the bad-faith actor. *See, e.g., Leon v. IDX Systems Corp.*, 464 F.3d 951 (9th Cir. 2006) (dismissing the plaintiff's claims because of willful spoliation of evidence); *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337 (9th Cir. 1995) (dismissing a party's counterclaim after he acted in bad faith by withholding documents during discovery); *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585 (9th Cir. 1983) (dismissing the plaintiff's claims after he knowingly denied material facts and failed to comply with discovery orders). Dismissal is warranted when a party has "willfully deceived the court and engaged in conduct utterly inconsistent with the

orderly administration of justice." *Wyle*, 709 F.2d at 589.  However, dismissal is a harsh sanction, and after a finding of bad faith, the district court must also weigh several additional factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Anheuser-Busch*, 69 F.3d at 348.

### III. DISCUSSION

The Court first addresses Plaintiff's Petition for *En Banc* Reconsideration and Defendant's Motion to Strike Plaintiff's Petition, before turning to the Motions for Sanctions.

#### A. PETITION FOR *EN BANC* RECONSIDERATION, (ECF NO. 27), AND MOTION TO STRIKE, (ECF NO. 29)

Plaintiff seeks *en banc* reconsideration of this Court's Order accepting and adopting in full the Report and Recommendation, (ECF No. 26).  Though styled as a Petition for *En Banc* Reconsideration, Plaintiff cites Rule 60(b)(1) as the legal basis for this Court's reconsideration of its prior Order. (*See* Pet. En Banc Reconsideration, ECF No. 27).  Defendant, in its Motion to Strike Plaintiff's Petition for En Banc Reconsideration, argues that there is no Federal Rule of Civil Procedure that allows Plaintiff to file "a purported 'petition for en banc reconsideration.'" (*See* Def.'s Mot. Strike 2:18–24, ECF No. 29).  Even liberally construing Plaintiff's Petition as a Motion for Reconsideration under FRCP 60(b)(1), Defendant asserts that Plaintiff fails to identify any reason under Rule 60(b)(1) for this Court to reconsider its order. (*Id.* 2:25–4:7).

Reviewing Plaintiff's Petition, the Court grants Defendant's Motion to Strike Plaintiff's Petition for *En Banc* Reconsideration.  Plaintiff cites to the Nevada Rules of Appellate Procedure as the basis for seeking reconsideration. (*See* Pet. En Banc Reconsideration 4:21–23, 6:19–20, 7:12–8:3).  This Court, however, is not bound by the rules of the Nevada appellate

court. *Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995) (noting that federal law controls the procedure by which district courts oversee litigation).

Even if this Court liberally construed Plaintiff's Petition for *En Banc* Reconsideration as a Motion for Reconsideration, Plaintiff fails to provide any applicable reason under Rule 60(b)(1) for this Court to reconsider its prior order. *See Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).  A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev .2003).  Plaintiff, in this case, fails to provide both a valid reason and evidence supporting reconsideration of the Court's prior Order.  Plaintiff does not complain of a clerical error, nor has he presented any evidence of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief from the judgment.

Plaintiff suggests that this Court erred in ignoring his Motion for More Time and two objections that were filed on May 17, 2021, and June 1, 2021. (*See* Pet. En Banc Reconsideration at 2–3).  However, as explained in its Order, the Court adopted the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin, (ECF No. 19), because no objections were filed, and the deadline to do so, June 4, 2021, passed. (*See* Order accepting and adopting in full 2:1–2).  Plaintiff's two objections did not concern the Report and Recommendation. (*See* Pl.'s Resp. to Mot. Strike, ECF No. 18); (*see also* Obj. to Def.'s Mot. Strike, ECF No. 25).  Plaintiff's Motion for More Time also did not relate to the Report and Recommendation. (*See* Mot. More Time, ECF No. 22).  In that motion, Plaintiff requested more time "for Plaintiffs to come into [the] case, answering the Subpoena Duces Tecum's and to file their briefs in reference to the Subpoena Duces Tecums." (*See id*. at 2).  Given that Plaintiff failed to timely object to the Report and Recommendation, the Court finds no reason

to reconsider its prior Order accepting and adopting in full the Report and Recommendation. The Court accordingly grants Defendant's Motion to Strike and thereby denies Plaintiff's Petition for *En Banc* Reconsideration.

### B. MOTIONS FOR SANCTIONS, (ECF NOS. 31, 35)

Plaintiff and Defendant filed cross-Motions for Sanctions, each arguing that the other party should be sanctioned for their behavior. (*See* Def.'s Mot. Sanctions, ECF No. 31); (*see* Pl.'s Mot. Sanctions, ECF No. 35). The Court first addresses Plaintiff's Motion for Sanctions.

In his Motion for Sanctions, Plaintiff asserts that Defendants Akerman and PennyMac filed "hearsay and frivolous claims" and a "three-day notice of intent to take default in [the] Eighth Judicial District State Court in Las Vegas . . . with NO explanation of what they are [sic] collecting." (Pl.'s Mot. Sanctions at 3). Plaintiff, however, does not provide any authority supporting his request for sanctions. Similar to his underlying claims, Plaintiff's assertions concerning Defendants' allegedly sanctionable conduct are "rambling, at times nonsensical, and filled with vague references to state and federal laws."[3] (*See* R&R 4:10–11). Though Plaintiff is unhappy with Defendants' actions in the underlying claims, the Court does not find that Defendants acted in bad faith in violation of Federal Rule of Civil Procedure 11. The Court accordingly denies Plaintiff's Motion for Sanctions.

Defendant, in its own Motion for Sanctions, requests the Court sanction Plaintiff for his "multiple motions sand rogue documents with this court" and other jurisdictions. (Def.'s Mot. Sanctions 5:3–4). Citing to *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), Defendant argues that Plaintiff is "subject to the rules of civil procedure, which he completely disregarded through the current petition" which has caused defensive attorneys' fees and costs. (Def.'s Mot. Sanctions 5:3–11). Though Plaintiff has filed multiple frivolous motions in this Court and in

---

[3] Plaintiff requests an "Order for Full Sanctions" under "Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927 and Pyramid Scheme abuse under the FTC Act 15 U.S.C. § 45(1), document fabrication and Pain and Suffering to the Mesi's." (*See* Pl.'s Mot. Sanctions 6:25–7:1).

other districts, the Court is not inclined to levy monetary sanctions against a *pro se* party without prior notice. *See e.g., Williams v. Nat'l Default Servicing Corp.*, No. 2:16-cv-1860-GMN-NJK, 2017 U.S. Dist. LEXIS 4111, at *17 fn.8 (D. Nev. Jan. 10, 2017).  Nevertheless, the Court cautions Plaintiffs that further harassment of Defendants on these adjudicated claims may result in monetary sanctions, including attorney's fees, pursuant to Federal Rule of Civil Procedure 11.[4]  Accordingly, the Court denies Defendant's Motion for Sanctions, (ECF No. 31), and Plaintiff's Motion for Sanctions, (ECF No. 35).

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Petition for *En Banc* Reconsideration, (ECF No. 27), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Petition for *En Banc* Reconsideration, (ECF No. 29), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions, (ECF No. 31), and Plaintiff's Motion for Sanctions, (ECF No. 35), are **DENIED**.

**DATED** this __19__ day of January, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[4] The Court finds that the restriction herein is sufficient to protect Defendants from further litigation on these issues by Plaintiff.  However, if Plaintiff continues to file frivolous claims, Defendant may re-file its Motion for Sanctions.